IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**KENNETH D. BELL, in his capacity as, court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com**

      **Plaintiff,**

v.

**PEAK USA, LLC, PEAK IMPACT, LLC, and GARY BESSONI,**

      **Defendants.**

Case No. 3:15-cv-233

## ANSWER OF DEFENDANT PEAK IMPACT, LLC

Defendant Peak Impact, LLC ("Defendant") hereby submits its Answer to the original Complaint ("Complaint") of Plaintiff Kenneth D. Bell ("Plaintiff"). Except as expressly admitted herein, Defendant denies all of the allegations of the Complaint.

### I. ANSWER

1. In response to paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. In response to paragraph 2 of the Complaint, Defendant admits that Peak USA and Peak Impact provided leads that were distributed to ZeekRewards participants. Defendant denies each and every remaining allegation contained in said paragraph.

3. In response to paragraph 3 of the Complaint, Defendant admits that Plaintiff is the court-appointed receiver in the SEC Action.

4. In response to paragraph 4 of the Complaint, Defendant admits that RVG operated ZeekRewards and Zeekler.com. Defendant is without sufficient knowledge or

1

PPAB 2890017v1
Case 3:15-cv-00233-GCM   Document 6   Filed 08/05/15   Page 1 of 15

information to form a belief regarding the remaining allegations in said paragraph, and on that basis denies those allegations.

5. In response to paragraph 5 of the Complaint, Defendant admits that Gary Bessoni is a resident of Santa Maria, California and is the principal and owner of Peak Impact, LLC and Peak USA, LLC. Defendant denies the remaining allegations contained therein.

6. In response to paragraph 6 of the Complaint, Defendant admits the allegations of this paragraph.

7. In response to paragraph 7 of the Complaint, Defendant admits the allegations of this paragraph.

8. In response to paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, this paragraph states legal conclusions and on that basis Defendant denies the allegations contained therein.

12. In response to paragraph 12 of the Complaint, this paragraph states legal conclusions and on that basis Defendant denies the allegations contained therein.

13. In response to paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, this paragraph states legal conclusions and on that basis Defendant denies the allegations contained therein.

15. In response to paragraph 15 of the Complaint, Defendant denies the allegations contained therein.

16. In response to paragraph 16 of the Complaint, Defendant admits that Peak USA and Peak Impact provided leads that were distributed to ZeekRewards participants. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding RVG, and on that basis denies those allegations. Defendant denies each and every remaining allegation contained in said paragraph, and denies the allegations of personal jurisdiction.

17. In response to paragraph 17 of the Complaint, Defendant admits that Peak USA and Peak Impact provided leads that were distributed to ZeekRewards participants. Defendant denies the remaining allegations of said paragraph, that Defendants' caused any alleged harm, and the allegations of venue.

18. In response to paragraph 18 of the Complaint, this paragraph states legal conclusions and on that basis Defendant denies the allegations contained therein.

19. In response to paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Defendant denies the allegations contained therein.

32. In response to paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Defendant denies the allegations contained therein.

34. In response to paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph regarding Burks and RVG insiders, and on that basis denies those allegations. Defendant denies each and every remaining allegation contained therein.

35. In response to paragraph 35 of the Complaint, Defendant denies that any such admission was made, denies Plaintiff's plain mischaracterization of the alleged email, and denies the allegations contained in said paragraph.

36. In response to paragraph 36 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the use of the leads, and on that basis denies those allegations. Defendant denies

5
PPAB 2890017v1
Case 3:15-cv-00233-GCM   Document 6   Filed 08/05/15   Page 5 of 15

each and every remaining allegation contained therein.

37. In response to paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

### FIRST CLAIM FOR RELIEF
**Fraudulent Transfer of RVG Funds in Violation of
North Carolina Uniform Fraudulent Transfer Act.**

1. In response to paragraph 1 of the First Claim for Relief, Defendant refers to and incorporates herein Defendant's responses as provided in paragraphs 1 through 37 above.

2. In response to paragraph 2 of the First Claim for Relief, Defendant admits that RVG made payments to Peak USA and Peak Impact for entirely legitimate leads. Defendant denies each and every remaining allegation contained therein.

3. In response to paragraph 3 of the First Claim for Relief, Defendant admits the allegations of this paragraph.

4. In response to paragraph 4 of the First Claim for Relief, this paragraph states legal conclusions and on that basis Defendant denies the allegations contained therein.

5. In response to paragraph 5 of the First Claim for Relief, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to paragraph 6 of the First Claim for Relief, Defendant admits that RVG made payments to Peak USA and Peak Impact for entirely legitimate leads. Defendant denies each and every remaining allegation contained therein.

7. In response to paragraph 7 of the First Claim for Relief, Defendant denies the allegations contained therein.

8. In response to paragraph 8 of the First Claim for Relief, Defendant denies the allegations contained therein.

9. In response to paragraph 9 of the First Claim for Relief, Defendant denies the allegations contained therein.

10. In response to paragraph 10 of the First Claim for Relief, Defendant admits that RVG made payments to Peak USA and Peak Impact for entirely legitimate leads. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies those allegations.

11. In response to paragraph 11 of the First Claim for Relief, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. In response to paragraph 12 of the First Claim for Relief, Defendant denies the allegations contained therein.

13. In response to paragraph 13 of the First Claim for Relief, Defendant denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF
**Fraudulent Transfer of RVG Funds in Violation of
North Carolina Uniform Fraudulent Transfer Act.**

14. In response to paragraph 14 of the Second Claim for Relief, Defendant refers to and incorporates herein Defendant's responses as provided in the foregoing paragraphs.

15. In response to paragraph 15 of the Second Claim for Relief, Defendant admits that RVG made payments to Peak USA and Peak Impact for entirely legitimate leads. Defendant denies each and every remaining allegation contained therein. Defendant denies the legal conclusions and remaining allegations of said paragraph.

16. In response to paragraph 16 of the Second Claim for Relief, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. In response to paragraph 17 of the Second Claim for Relief, Defendant admits that RVG made payments to Peak USA and Peak Impact for entirely legitimate leads. Defendant denies each and every remaining allegation contained therein.

18. In response to paragraph 18 of the Second Claim for Relief, Defendant denies the allegations contained therein.

19. In response to paragraph 19 of the Second Claim for Relief, Defendant denies the allegations contained therein.

20. In response to paragraph 20 of the Second Claim for Relief, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In response to paragraph 21 of the Second Claim for Relief, Defendant denies the allegations contained therein.

22. In response to paragraph 22 of the Second Claim for Relief, Defendant denies the allegations contained therein.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment

23. In response to paragraph 23 of the Third Claim for Relief, Defendant refers to and incorporates herein Defendant's responses as provided in the foregoing paragraphs.

24. In response to paragraph 24 of the Third Claim for Relief, Defendant denies the allegations contained therein.

25. In response to paragraph 25 of the Third Claim for Relief, Defendant denies the allegations contained therein.

26. In response to paragraph 26 of the Third Claim for Relief, Defendant denies the allegations contained therein.

27. In response to paragraph 27 of the Third Claim for Relief, Defendant denies the allegations contained therein.

28. In response to paragraph 28 of the Third Claim for Relief, Defendant denies the allegations contained therein.

## FOURTH CLAIM FOR RELIEF
### Constructive Trust

29. In response to paragraph 29 of the Fourth Claim for Relief, Defendant refers to and incorporates herein Defendant's responses as provided in the foregoing paragraphs.

30. In response to paragraph 30 of the Third Claim for Relief, Defendant denies the allegations contained therein.

31. In response to paragraph 31 of the Third Claim for Relief, Defendant denies the allegations contained therein.

32. In response to paragraph 32 of the Third Claim for Relief, Defendant denies the allegations contained therein.

33. In response to paragraph 33 of the Third Claim for Relief, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. As a first, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

9

## SECOND AFFIRMATIVE DEFENSE
(Good Faith)

2. As a second, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the Complaint and each and every cause of action therein is barred because Defendant has acted in good faith and in arms-length transactions.

## THIRD AFFIRMATIVE DEFENSE
(Reasonably Equivalent Value)

3. As a third, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the Complaint and each and every cause of action therein is barred because reasonably equivalent value was provided in exchange for any transfers alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

4. As a fourth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the Complaint and each and every cause of action therein is barred by the doctrines of laches, unclean hands, in pari delicto, acquiescence, and ratification.

## FIFTH AFFIRMATIVE DEFENSE
(Any Harm Proximately Caused by Others)

5. As a fifth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the Complaint and each and every cause of action therein is barred because any losses, damages and/or injuries sustained by Plaintiff were proximately caused by the fault of persons or entities other than Defendant.

## SIXTH AFFIRMATIVE DEFENSE
(Adequate Legal Remedy)

6. As a sixth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the relief requested by Plaintiff is barred because Plaintiff has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE
(Intervening/Superseding Actions)

7. As a seventh, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the Complaint and each and every cause of action therein is barred to the extent that the damages or losses allegedly sustained by Plaintiff, if any, were the direct and proximate result of intervening and superseding actions on the part of other parties, and not Defendant, barring Plaintiff's recovery from Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
(No Injury/No Damages Suffered)

8. As an eighth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that the Complaint and each and every cause of action therein is barred because neither Plaintiff nor the Receivership Entities sustained any damages or injury caused by Defendant.

## NINTH AFFIRMATIVE DEFENSE
(Setoff/Reduction)

9. As a ninth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that Plaintiff's damages, if any, are subject to setoff or reduction and should be reduced accordingly, and Defendant is a good-faith transferee or obligee and is entitled to a lien or a right

to retain an interest in any assets transferred or a reduction in the amount of the liability on any judgment.

### TENTH AFFIRMATIVE DEFENSE
(No Capacity to Sue)

10. As a tenth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that Plaintiff's claims are barred because Plaintiff lacks capacity to sue and/or does not have standing to raise the causes of action alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Personal Jurisdiction)

11. As an eleventh, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that Plaintiff's claims must be dismissed because Defendant did not have sufficient contacts with the State of North Carolina to establish personal jurisdiction over this Defendant, and personal jurisdiction is lacking.

### TWELFTH AFFIRMATIVE DEFENSE
(Improper Venue)

12. As a twelfth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that Plaintiff's claims must be dismissed because venue is improper in this District.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Transferee Protections)

13. As a thirteenth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that Plaintiff's claims are barred based on the defenses and protections of transferees and subsequent transferees pursuant to N.C. Gen. Stat. §39-23.8.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Reservation of Right to Assert Additional Defenses)

14. As a fourteenth, separate and distinct affirmative defense, and solely by way of an alternative defense, not to be construed as an admission or waiver of any kind, Defendant alleges that at the time of the filing of this Answer, affirmative defenses may not have been alleged for reasons that insufficient facts and information were available after reasonable inquiry. Defendant therefore reserves the right to amend this answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint and that judgment be entered in favor of Defendant;

2. That Defendant be awarded costs of suit incurred in the defense of this action including reasonable attorneys' fees, to the extent allowed by law;

3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury in this action of all issues so triable.

This the 5th day of August, 2015.

/s/ Michael G. Adams
Michael G. Adams, NC Bar No. 16528
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center, Suite 3000
Charlotte, North Carolina 28202
Telephone: 704.372.9000
Facsimile: 704.334.4706
mikeadams@parkerpoe.com

Of Counsel:
Ross Campbell, CA Bar No. 234827
Coast Law Group LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel. 760.942.8505 x105
Fax 760.942.8515

*Attorneys for Defendants Peak USA, LLC, Peak Impact, LLC and Gary Bessoni*

# CERTIFICATE OF SERVICE

The undersigned herby certifies that on this date a copy of the foregoing *Answer of Defendant Peak Impact, LLC* was electronically filed on this day with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to the following:

>Kenneth D. Bell, Esq., Receiver
>Irving M. Brenner, Esq.
>Matthew E. Orso, Esq.
>McGuire Woods LLP
>201 North Tryon Street, Suite 3000
>Charlotte, NC  28202
>*Attorneys for Plaintiff*

This the 5th day August, 2015.

>*/s/ Michael G. Adams*
>Michael G. Adams
>N.C. State Bar No. 16528
>Parker Poe Adams & Bernstein LLP
>Three Wells Fargo Center
>401 S. Tryon Street, Suite 3000
>Charlotte, North Carolina  28202
>Telephone:     (704) 372-9000
>Facsimile:     (704) 334-4706
>mikeadams@parkerpoe.com
>*Attorney for Defendants Peak USA, LLC, Peak Impact, LLC and Gary Bessoni*